J. R. Bark, Trading as Bark and Associates, Appellant, v. Chester A. Mathison and Charlotte J. Mathison, Appellees.

Gen. No. 45,249.

Opinion filed March 13, 1951. Released for publication April 6, 1951.

ALFRED F. BECK, of Chicago, for appellant.

JOHN W. GOLOSINEC, and ROBERT F. JERRICK, both of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

In her complaint, filed June 26, 1947, consisting of two counts, plaintiff sought to recover commissions alleged to have been earned at two different times, about one and one-half years apart, for the sale of defendants' property located at 6765 Keota avenue in Chicago. The first count claimed commission earned under an oral contract between defendants and J. R. Bark, doing business as Bark & Associates, and the second count for commission alleged to be due under a written exclusive-sales agreement between ''Bark and Associates'' and defendants. The complaint alleged that defendants wrongfully refused to sell the premises to a purchaser produced by plaintiff under the oral contract, and that they sold the premises in violation of the written exclusive-sales agreement, without termination thereof. After issue had been joined, plaintiff on November 14, 1949 asked summary judgment on the second count; there being an issue of fact on the first count, no summary judgment was asked thereon. November 23, 1949, defendants interposed a motion to dismiss the complaint on the sole ground that at the time of the exclusive-sales agreement plaintiff was transacting business under the name of ''Bark and Associates'' which they contended to be an assumed and fictitious name and not registered until seven months

97

after the agreement was made, in violation of the Illinois Revised Statutes 1949, chapter 96, paragraph 4, section 1 [Jones Ill. Stats. Ann. 37.414 (1)]. The trial judge heard the arguments of the respective counsel for and in opposition to the motion to dismiss, and after briefs had been submitted, entered the following order; "On motion of . . . , attorney for the defendants, to dismiss the complaint herein on the ground that the Plaintiff was operating under an assumed and fictitious name within the purview of the statute in such case made and provided; and the court having heard the arguments of counsel and examined the briefs submitted finds that the name 'BARK and ASSOCIATES' is an assumed and fictitious name within the purview of the statute in such case made and provided; therefore, It is Ordered that the motion of the defendants be, and the same hereby is sustained and that the Plaintiff's suit be, and the same hereby is dismissed at the Plaintiff's costs." Plaintiff has taken an appeal from this order.

 The respective briefs are confined almost entirely to a discussion of defendants' contention that the use by J. R. Bark of the assumed and fictitious name "Bark and Associates" in entering into a sales-agreement contract with defendants precludes her, within the purview of the statute, from recovering commissions alleged to have been earned by her. At the time these briefs were written the recent case of *Grody v. Scalone,* 408 Ill. 61 (1950), had not been filed and was therefore not called to the attention of the trial judge. That case holds that the applicable statute in relation to the use of assumed names, in expressly imposing a penalty for nonobservance in the form of a fine or imprisonment, and in failing to provide a further penalty by which the use of an assumed name without authority will void a contract otherwise valid, indicates that the penalty expressed is exclusive and does not prevent one in business under an assumed name in

violation of the Act from suing on a contract made under the assumed name. It is decisive of the legal question presented in the proceeding at bar.

Since no other question was decided by the trial judge, the order dismissing the complaint solely on the ground that "the name 'BARK and ASSOCIATES' is an assumed and fictitious name within the purview of the statute," is reversed, and the cause is remanded with directions that such further proceedings be had as are not inconsistent with the views herein expressed.

*Order reversed and cause remanded with directions.*

SCHWARTZ, P. J., and SCANLAN, J., concur.